# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONG GON KIM, | ) 1:10-CV-01533 AWI MJS HC |
| Petitioner, | ) |
| v. | ) FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| NEIL H. ADLER, Warden, | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.     DISCUSSION**

On August 25, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) At the time of filing the petition, Petitioner was incarcerated at Taft Correctional Institution located in the Eastern District of California.[1]

The petition alleges that Petitioner has been discriminated against with regard to bunk assignments, i.e., that he has been assigned to a bunk "located right under [an] Air Conditioning Ventilator that blows dusty particles that appeared like black clay" and cause

---

[1] Petitioner has since filed a notice of change of address to a residential address in Chula Vista. (ECF No. 10.)

Petitioner itches and skin rashes. (Id.) Petitioner seeks relief in the form of adequate housing quarters and medical care. (Id. at 6.)

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

Petitioner's claims that he was deprived of appropriate housing and medical services. Neither deprivation impacts the fact or duration of his confinement (which, as noted, apparently has ended). Thus, Petitioner is not entitled to habeas corpus relief, and his petition should be dismissed. If Petitioner wishes to pursue the claims and remedies pled here, he may do so by way of a civil rights complaint.

**II.   RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this petition for writ of habeas corpus be DISMISSED without prejudice to allow petitioner to bring a civil rights complaint.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a

1 document should be captioned "Objections to Magistrate Judge's Findings and
2 Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
3 days after service of the Objections.  The Finding and Recommendation will then be submitted
4 to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
5 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
6 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th
7 Cir. 1991).

10 IT IS SO ORDERED.
11 Dated:    November 22, 2010            /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE